IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

EDWARD TYRONE RIDLEY,  :
 :
                Petitioner,  :
 :
        v.  :        CASE NO. 1:26-cv-22-LAG-CHW
 :
Warden MARK AGBAOSI,  :
 :
                Respondent.  :
 :

## ORDER

Pending before the Court is federal habeas corpus petition seeking relief pursuant to 28 U.S.C. § 2254, filed by *pro se* Petitioner Edward Tyrone Ridley, which Petitioner has since supplemented.  (Docs. 1, 7).  Respondent has been ordered to answer the petition, but his response is not yet due.  (Doc. 8).  Petitioner has now moved to submit additional facts in support of his petition. (Doc. 10). This motion outlines conditions of confinement and other issues relating to this present incarceration instead of matter relating to his conviction. (*Id.*)  For the reasons explained below, Petitioner's motion to submit additional facts (Doc. 10) is **DENIED**.

As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983 . . . ."  *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)).  "Federal habeas corpus relief is appropriate when a petitioner alleges

that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "[W]hen a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis,* 693 F.2d at 1057). Monetary damages are only available in a § 1983 action, and an individual cannot obtain a dismissal of pending charges or speedier release via § 1983. *Id.*; *see also Preiser*, 411 U.S. at 487, 489, 493, 500. Instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

In this case, Petitioner's original petition was submitted on the standard § 2254 form petition and raised issues concerning a Crisp County conviction. *See* (Doc. 1). If Petitioner wishes to complain about the conditions of his confinement at Dooly State Prison and seek monetary compensation, he must file a *separate* action on the Court's standard § 1983 form. The Clerk of Court is **DIRECTED** to forward Petitioner a copy of the § 1983 form.

Because the issues raised in Petitioner's motion to submit additional facts (Doc. 10) are not appropriately raised in a § 2254, the motion to submit additional facts is **DENIED**.

**SO ORDERED**, this 24th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

2